# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRANDY L. RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 4046 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| SWIFT TRANSPORTATION CO. OF ) | |
| ARIZONA, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons explained below, defendant's motion to dismiss plaintiff's Second Amended Complaint is granted in part and denied in part.

## BACKGROUND

Brandy L. Richardson brought this action against her former employer, Swift Transportation Co. of Arizona, LLC ("Swift"), for sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (ECF No. 53, 2d Am. Compl.) The relevant allegations are as follows.

Plaintiff began employment with Swift in May 2010 as an over-the-road truck driver. (*Id.* ¶ 4.) In August 2015, she became a "yard hostler," also known as a "spotter" truck driver, and was assigned to a distribution warehouse.[1] (*Id.*) Beginning in September 2015, plaintiff was subjected to "severe and pervasive" "unwelcome[] verbal and physical conduct of a sexual nature" by a

---

[1] In her response to defendant's motion, plaintiff asserts that she was the "only female spotter truck driver" at the warehouse. (ECF No. 61, Pl.'s Mem. Opp'n Def.'s Mot. at 8.) This allegation is not contained in the Second Amended Complaint, but the Court will consider it. In opposing a Rule 12(b)(6) motion to dismiss, a plaintiff may elaborate on her allegations, as long as the elaborations are consistent with the pleadings. *See Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

coworker and a supervisor. (*Id.* ¶¶ 13-14.) The coworker, Tim Davis, rubbed plaintiff's shoulders and "push[ed] his groin up against Plaintiff's seat"; yelled and screamed at plaintiff on numerous occasions; "grabbed Plaintiff's butt"; and "gawked at Plaintiff while simultaneously grabbing his penis." (*Id.* ¶ 14.) The supervisor, Nate Love, "repeatedly stared at Plaintiff's breasts and vaginal area on numerous occasions." (*Id.*) Plaintiff alleges that the sexual harassment created a hostile work environment, and when she complained about it to Swift, Swift "caused other co-workers to learn of the sexual harassment complaint." (*Id.* ¶¶ 13, 17.) Those coworkers then retaliated against plaintiff by not speaking to her anymore; telling her she should quit; "violating the proper driving protocol"; "raising the Spotter Truck Cab while Plaintiff was on the Cat Walk"; moving her truck to another parking position, causing plaintiff to be delayed in starting work; and staring at her while she walked the long distance to reach her truck. (*Id.* ¶ 17.) Plaintiff's "group leader," Michael Hatch, "stopped training Plaintiff properly" and was hostile. (*Id.*) Tim Davis placed a nail in plaintiff's tire, causing it to go flat. (*Id.*)

Plaintiff further alleges that Swift subjected her to different terms and conditions of employment than her male coworkers by failing to timely repair her spotter truck and equipment in her truck, which unreasonably interfered with her work performance; failed to allow plaintiff time off; and reprimanded her about equipment issues. (*Id.* ¶¶ 17-18.) After plaintiff complained to Swift about the sexual harassment, her coworkers' retaliatory conduct, and the differential treatment, the "retaliatory actions and comments did not stop," and Swift failed to discipline plaintiff's "co-workers, group leaders and/or supervisors who were found to have engaged in harassment and discrimination towards" plaintiff. (*Id.* ¶¶ 21, 25.)[2] Plaintiff "left employment" by Swift "sometime

---

[2]It is unclear who allegedly "found" these individuals to have engaged in harassment and discrimination.

between the end of June, 2017 and the first two weeks of July, 2017 because of the working conditions." (*Id.* ¶ 29.)

On July 11, 2016, plaintiff filed a Charge of Discrimination ("Charge") with the Illinois Department of Human Rights. In the section of the Charge form that contains boxes to check for the type of discrimination alleged, plaintiff checked the boxes for "Sex" and "Retaliation." (ECF No. 53-2.) In the "particulars" section of the form, plaintiff stated in full:

> I began my employment with [Swift] in or around May 2010. My current position is Spotter. During my employment, I was sexually harassed. I complained to [Swift], and subsequently, I have been subjected to further harassment.
>
> I believe that I have been discriminated against because of my sex, female, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(*Id.*) The Charge was presented to the Equal Employment Opportunity Commission ("EEOC"). (*Id.*) The EEOC dismissed the Charge on March 1, 2017, stating that it was "unable to conclude that the information obtained establishes violations of the statutes." (ECF No. 53-3.)

This lawsuit ensued. Plaintiff's Second Amended Complaint is organized into three claims, labeled "sexual harassment on basis of sex—hostile work environment"; "sexual harassment on basis of gender—hostile work environment"; and "constructive discharge based on gender—hostile work environment." Regardless of these labels, however, in substance the complaint alleges claims for hostile work environment; disparate treatment; retaliation; and constructive discharge. Swift moves to dismiss plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

# DISCUSSION

## A. Legal Standards

When evaluating the sufficiency of a complaint on a Rule 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded facts therein, and draws all reasonable inferences in plaintiff's favor. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). It "does not need detailed factual allegations" but must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## B. Disparate Impact

"To establish a Title VII disparate treatment claim, a plaintiff must allege that an employer took job-related action" against her that was motivated by intentional discrimination. *Alamo v. Bliss*, 864 F.3d 541, 552 (7th Cir. 2017). Swift asserts that plaintiff fails to allege an adverse job-related action. Such an action is "a materially adverse change in the terms and conditions of employment that is more disruptive than a mere inconvenience or an alteration of job responsibilities." *Id.* (brackets omitted). Adverse job actions include diminishing an employee's compensation, fringe benefits, or other financial terms of employment, including termination, as well as changing the conditions under which an employee works, in a way that subjects her to a "humiliating, degrading, unsafe, unhealthful, or otherwise significantly negative alteration in [her] workplace environment." *Id.*

Plaintiff alleges that Swift failed and refused to repair her spotter truck and equipment, which unreasonably interfered with her work performance (and, it can be plausibly inferred, subjected plaintiff to an unsafe alteration in her workplace environment), and that Swift failed to allow her time off (a benefit). Plaintiff attributes this treatment to her sex and alleges that Swift gave her male coworkers preferential treatment in maintaining their equipment and in relation to work schedules. Swift characterizes these allegations as "hollow assertions," (ECF No. 55, Def.'s Mem. Supp. Mot. at 13), but federal pleading standards simply call for "enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the allegations," which plaintiff has alleged. *Huri v. Office of the Chief Judge of the Circuit Ct. of Cook Cty.*, 804 F.3d 826, 833 (7th Cir. 2015); *see also Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) ("A complaint alleging sex discrimination under Title VII need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex.") (internal quotation marks and citation omitted). Accordingly, plaintiff states a claim for disparate treatment on the basis of her sex.

**C.     Hostile Work Environment**

"To state a Title VII hostile work environment claim, a plaintiff must allege (1) she was subject to unwelcome harassment; (2) the harassment was based on her [sex]; (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is basis for employer liability." *Huri*, 804 F.3d at 833-34. Swift seeks a dismissal of plaintiff's complaint "in its entirety," (Def.'s Mem. Supp. Mot. at 15), but it develops no argument as to why plaintiff's hostile work environment claim should be dismissed. Swift complains generally that it is "left to guess" at plaintiff's claims because it is "impossible to clearly discern which causes of action Defendant is supposed to litigate." (*Id.* at 2, 5.) While the

5

Second Amended Complaint may be inartfully pleaded, by no means is it "impossible" to determine what plaintiff is alleging, and it is clear that she is alleging that she was subjected to a hostile environment. The Court also rejects Swift's argument that plaintiff's sexual-harassment allegations "amount to nothing more than mere inconveniences, petty slights and minor annoyances." (ECF No. 66, Def.'s Reply at 2.) Plaintiff sufficiently states a claim for hostile work environment.

**D.  Retaliation**

"To plead a Title VII retaliation claim, a plaintiff must (though she need not use the specific terms) allege that she engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity." *Huri*, 804 F.3d at 833. Swift argues that plaintiff fails to sufficiently allege either component. Plaintiff alleges that she repeatedly complained to Swift about sexual harassment by male coworkers, including a supervisor; defendant then caused plaintiff's male coworkers to learn of the sexual-harassment complaint, which led to further harassment; defendant did not discipline the harassers; and plaintiff resigned because of her working conditions. Those allegations are sufficient to state a retaliation claim under federal notice-pleading standards, which do not require the detailed facts that Swift demands. Plaintiff's complaints about sexual harassment by a coworker and supervisor constitute protected activity. *See Miller v. Am. Family Mut. Ins. Co.*, 203 F.3d 997, 1007 (7th Cir. 2000) ("Title VII protects persons . . . from retaliation for complaining about the types of discrimination it prohibits."); *Davis v. Time Warner Cable of Se. Wis., L.P.*, 651 F.3d 664, 674 (7th Cir. 2011) (even informal complaints can constitute protected activity for purposes of a Title VII retaliation claim). The creation and tolerance of a hostile work environment can be a form of retaliation, *Smith v. Northeast Illinois University*, 388 F.3d 559, 567 & n.5 (7th Cir. 2004), and, as discussed below, constructive discharge can also serve

6

as an adverse employment action in a retaliation claim, *Williams v. Waste Management of Illinois*, 361 F.3d 1021, 1032 (7th Cir. 2004).

**E.     Constructive Discharge**

Under Title VII, a plaintiff must file a charge with the EEOC or other appropriate administrative agency before proceeding with a federal case and can only pursue those claims "like or reasonably related to" the allegations contained in the charge. *Herron v. DaimlerChrysler Corp.*, 388 F.3d 293, 303 n.2 (7th Cir. 2004). "This rule serves two purposes: affording the EEOC the opportunity to settle the dispute between the employee and employer, and putting the employer on notice of the charges against it." *Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003). "[C]laims are not alike or reasonably related unless there is a factual relationship between them. This means that the [administrative] charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals." *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002) (citation, internal quotation marks, and emphasis omitted). When a complaint raises a different theory of discrimination than was raised in the administrative charge, a court must be able to reasonably infer the different theory of discrimination from the facts alleged in the charge in order for the complaint to fall within the scope of the charge. *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003); *see also Ezell v. Potter*, 400 F.3d 1041, 1047 (7th Cir. 2005) ("[T]o determine whether a claim raised in a complaint is within the scope of the earlier-filed EEOC charge, we ask what EEOC investigation could reasonably be expected to grow from the original charge.").

Swift contends that plaintiff failed to exhaust her administrative remedies with respect to her constructive-discharge claim. It would have been impossible for plaintiff's Charge to have mentioned her departure from Swift or to have alleged constructive discharge because the Charge

7

preceded her departure by about a year. Plaintiff argues that the claim is within the scope of her Charge because it is based on the same conduct, but its timing means that it is necessarily outside the scope of the Charge. *See Herron*, 388 F.3d at 303 n.2 (where EEOC charge preceded plaintiff's resignation by several months, constructive-discharge claim was not within scope of the charge, and plaintiff could not proceed under Title VII on the claim); *Conner v. Ill. Dep't of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005) (claim for non-promotion was "necessarily outside the scope" of EEOC charge where the non-promotion occurred a month after the charge was filed); *Powell v. Safer Found.*, No. 09 C 645, 2010 WL 4481780, at *3 (N.D. Ill. Nov. 1, 2010). The Court therefore grants Swift's motion as to plaintiff's claim for constructive discharge.

Constructive discharge can serve as the adverse employment action in a retaliation claim, which, as discussed above, survives defendant's motion. Therefore, plaintiff may still argue that Swift constructively discharged her in retaliation for her complaints of sex discrimination, and the dismissal of plaintiff's constructive-discharge claim may have little practical effect on this litigation if plaintiff can garner the evidence needed to prove that she was constructively discharged. *See Smith v. Rosebud Farmstand*, 909 F. Supp. 2d 1001, 1007-08 (N.D. Ill. 2012) (dismissing constructive-discharge claim and stating that "while Plaintiff's legal claims have been truncated, the factual presentation of the evidence may well proceed as he originally intended.").

## CONCLUSION

Defendant's motion to dismiss plaintiff's Second Amended Complaint [54] is granted in part and denied in part. The Court grants the motion with respect to plaintiff's constructive-discharge claim and dismisses that claim without prejudice. The Court denies the motion with respect to plaintiff's remaining claims.

**DATE**: April 17, 2018

*Ronald A. Guzmán*
_____

**Ronald A. Guzmán**
**United States District Judge**